UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **CHRISTOPHER HEARD,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No: 4:20-cv-00663-RDP |
| } | |
| **ANDREW SAUL, Commissioner of the** } | |
| **Social Security Administration,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

This matter is before the court on Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment. (Doc. # 7). In the Motion, Defendant argues that Plaintiff's Complaint is due to be dismissed because it was not timely filed. (*Id*.). Plaintiff has responded that the Motion should be denied because the court should apply equitable tolling based on extraordinary circumstances. (Doc. # 8). As explained below, Plaintiff's Complaint was not timely filed and there is no basis for equitable tolling of the deadline; therefore, he is foreclosed from bringing this action, and Defendant's Motion is due to be granted.

**I.    Background**

After an unfavorable decision on his application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, Plaintiff filed an appeal in the United States District Court for the Northern District of Alabama. On September 30, 2017, this court remanded the case to the Commissioner for additional proceedings. (Case No. 4:15-cv-02001-MHH, Doc. # 21). On January 23, 2019, an Administrative Law Judge (ALJ) issued a new decision denying Plaintiff's

claim for SSI. (Doc. # 7-1 at 48-62). The ALJ sent notice of its denial of Plaintiff's application to Plaintiff and his counsel. (Doc. # 7-1 at 48-50). The ALJ notified Plaintiff and his counsel that:

>  (1) He had thirty (30) days from receipt of the decision to file written exceptions to the Appeals Council;
> 
> (2) He was presumed to receive the decision within five (5) days of the date of the notice;
> 
> (3) If he needed additional time to file written exceptions, he must request the extension *within the same thirty (30) day period* and explain why he needed additional time;
> 
> (4) The Appeals Council could review his case even if he did not file written exceptions and would notify him within sixty (60) days if it did so;
> 
> (5) If he did not file written exceptions and the Appeals Council did not review the decision on its own, the decision would become final on the 61st day following the date of the notice;
> 
> (6) He would then have sixty (60) days to file a civil action in district court;
> 
> (7) He could request additional time from the Appeals Council to file a civil action, and the Appeals Council would grant the additional time upon a showing of a good reason for needing more time; and
> 
> (8) If he did not file his civil action during that time or ask the Appeals Council for additional time to file his civil action, he would lose the right to file a civil action.

(Doc. # 7-1 at 48-50) (emphasis added).

On March 15, 2019, *over fifty (50) days* after the ALJ's decision, Plaintiff filed Written Exceptions to the ALJ's hearing decision with the Appeals Council. Within those already-late Written Exceptions, Plaintiff requested an extension of deadline for filing written exceptions. (Doc. # 7-1 at 70-85). On February 8, 2020, the Appeals Council sent Plaintiff a notice stating that, because he did not send the exceptions *or ask for more time to do so within 30 days* of his receipt of the ALJ's decision, the ALJ's January 23, 2019, decision was the final decision of the Commissioner. (Doc. # 7-1 at 87-88). To reiterate, Plaintiff's request for an extension of the deadline to file written exceptions was made *well after* that deadline had already expired. And, the

ALJ had notified Plaintiff and his counsel, in writing, that "[i]f he needed additional time to file written exceptions, he must request the extension *within the same thirty (30) day period* and explain why he needed additional time." (Doc. # 7-1 at 48-50) (emphasis added).

## II.     Legal Standards

"[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976) and *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Title II of the Social Security Act provides the exclusive jurisdictional basis for judicial review of final decisions arising under the Act, as limited by sections 205(g) and (h), 42 U.S.C. § 405(g) and (h). In this context, the remedy to sue is a creature of statute. *United States v. Babcock*, 250 U.S. 328, 331 (1919). The review process provided by section 205(g) is an exclusive remedy. *See Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007).

Under 42 U.S.C. § 405(g), claimants may seek review of a final decision of the Commissioner of Social Security by filing a complaint with the district court within sixty days from the date of receipt of the decision, which is presumed to be five days after mailing unless there is a reasonable showing to the contrary. Here, where the ALJ issued a new administrative decision after remand, the ALJ's decision would be the final decision of the commissioner unless (1) Plaintiff filed written exceptions to the Appeals Council within 30 days from the receipt of the ALJ's decision; or (2) the Appeals Council assumed jurisdiction on its own authority within 60 days of the date of the ALJ's decision. *See* 20 C.F.R. § 404.984.

Equitable tolling may be warranted upon "a showing of extraordinary circumstances," such as "where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the

plaintiff has no reasonable way of discovering the wrong perpetrated against her." *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007) (quoting *Waller v. Comm'r*, 168 F.App'x 919, 922 (11th Cir. 2006)).

**III.     Analysis**

Here, Plaintiff has not demonstrated any circumstances, extraordinary or otherwise, that would justify the untimeliness of his filing and allow for equitable tolling. Plaintiff's argument comes down to this: he requested an extension of time to file written exceptions and that request should have been granted. However, the request for the extension was itself filed *after the deadline had already expired*.

In *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990), the Supreme Court stated that "the principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." The current situation clearly falls into that category. Neither Plaintiff, nor his counsel, have presented any excuse for not requesting an extension of time to file Written Exceptions within the time allowed for written exceptions. *See Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (failing to act with due diligence will not toll a limitations period).

In addition, Plaintiff's medical condition does not suffice here. That is, he does not have the type of condition that would warrant tolling the limitations period. *See Smith v. Astrue*, 393 F.App'x. 596 (11th Cir. 2010) (plaintiff's "mental illness, dependence on her daughter, and attorney error do not constitute extraordinary circumstances that warranted equitable tolling"); *Waller v. Commissioner of Social Security*, 168 F.App'x. 919, 921-22 (11th Cir. 2006) (*pro se* plaintiff's claim of mental illness did not toll or warrant equitable tolling where his actions of meeting with an attorney and requesting an extension of time countered against his claim of an "inability to act" on his claim).

**IV.     Conclusion**

Plaintiff's Complaint was filed too late. Its untimeliness cannot be overcome by principles of equitable tolling because Plaintiff has presented no extraordinary circumstances that warrant equitable tolling. Therefore, Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. # 7) is due to be granted and Plaintiff's Complaint dismissed.

A separate order in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this February 2, 2021.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE